DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:21-cr-0005 |
| ) | |
| SOMALIE BRUCE and JEANORAH ) | |
| WILLIAMS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

**BEFORE THE COURT** is Defendant Somalie Bruce's ("Bruce") Motion to Continue the trial in this matter currently scheduled for October 3, 2022. (ECF No. 145.) For the reasons stated herein, the Court will grant the motion. The time to try this case is extended up to and including February 6, 2023.

On September 19, 2022, Defendant Bruce filed the instant motion to continue. (ECF No. 145.) The motion asserts that Bruce and the United States are presently "engage in serious discussions regarding a resolution short of trial." *Id.* at 1. The motion further asserts that the parties are "optimistic" that the matter will resolve short of trial, however additional time is necessary to complete negotiations. *Id.* Neither the United States nor co-Defendant Jeanorah Williams oppose this motion.[1] *Id.*

While the Speedy Trial Act requires that defendants be tried within seventy days of indictment, the Court specifically finds that extending this period would be in the best interest of justice. Here, an extension of time is necessary to allow Bruce time to participate in plea negotiations with the United States.

Consistent with this concern, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Field*s, 39 F.3d

---

[1] In his motion Bruce avers that his counsel intends to file a speedy trial waiver but has been unable to travel to Puerto Rico to obtain such a waiver due to weather conditions. *Id.* No waiver has been filed to date.

439, 444 (3d Cir. 1994) (finding that the district court had properly granted an "ends of justice" continuance to "permit plea negotiations to continue"); cf. *United States v. Dota*, 33 F.3d 1179 (9th Cir. 1994) ("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial [even if the] case [i]s not 'complex.'").

The premises considered, it is hereby

**ORDERED** that Defendant Somalie Bruce's motion to continue, ECF No. 145, is **GRANTED**; it is further

**ORDERED** that the time beginning from the date of this order granting an extension through February 6, 2023, **SHALL** be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later than January 30, 2023, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; and (e) proposed non-standard jury instructions related to the elements of the charges and defenses; it is further

**ORDERED** that the parties **SHALL** provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than February 1, 2023;[2] and it is further

**ORDERED** that the Jury Selection and Trial previously scheduled for October 3, 2022, is hereby **CONTINUED** to commence promptly at **9:00 a.m. on February 6, 2023,** in St. Thomas Courtroom 1.

**Dated:** September 23, 2022      /s/ *Robert A. Molloy*
                                   **ROBERT A. MOLLOY**
                                   **Chief Judge**

---

[2] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A.