# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:21-cr-0005 |
| ) | |
| **SOMALIE BRUCE and JEANORAH** ) | |
| **WILLIAMS,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

**BEFORE THE COURT** is Defendant Somalie Bruce's ("Bruce") motion to continue the trial currently scheduled for February 6, 2023. For the reasons stated herein, the Court will grant the motion. The time to try this case is extended up to and including March 20, 2023.

On January 26, 2023, Bruce filed the instant motion to continue. (ECF No. 157.) In his motion, Bruce states that he is presently involved "in plea negotiations and other discussions with respect to the disposition of the matter." *Id.* at 1. Bruce further asserts that the United States "needs time to digest the discussion and conduct an independent investigation," and that the discussion may "lead to a plea agreement that all sides can agree to." *Id.* Bruce avers that neither the United States nor his co-defendant, Jeanorah Williams ("Williams") object to the motion. *Id.* During the status conference in this matter held on January 30, 2023, Bruce reiterated the proposed justification for the continuance and all other parties restated their nonobjections. On February 1, 2023, Bruce filed an Application and Checklist for Speedy Trial Extension, in which he moved the Court "to extend the period of time within which this matter must be tried, up to and including April 3, 2023." (ECF No. 162.) Bruce also filed a Waiver of Speedy Trial on the same day, in which he waived his rights under the Speedy Trial Act and requested that "the time be excluded from the speedy trial clock." (ECF No. 161 at 1.) After careful consideration of Bruce's request, the Court finds good cause and will grant the motion.

Ordinarily under the Speedy Trial Act, a defendant must be tried within 70 days from the date of the information or indictment, or from the date the defendant appears before an

*United States v. Bruce et al.*
Case No.: 3:21-cr-0005
Order
Page 2 of 3

officer of the court in which the charge is pending, whichever is later. 18 U.S.C. § 3161(c)(2). However, this time may be tolled for several reasons. To wit, if a court determines that the "ends of justice" served by a continuance outweigh the interest of the public and the defendant in a speedy trial, any resulting delay shall be excluded in computing time under the Act. *See* 18 U.S.C. § 3161(h)(7)(A).

Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994) (finding that the district court had properly granted an "ends of justice" continuance to "permit plea negotiations to continue"); *United States v. Gutierrez*, 351 F. App'x 697, 699 (3d Cir. 2009) (upholding a continuance where "[p]lea negotiations were ongoing and . . . appeared to be progressing toward a nontrial disposition"); *cf. United States v. Baxter*, No. 2017-24, 2017 U.S. Dist. LEXIS 113675 (D.V.I. July 21, 2017) (granting an application for waiver of speedy trial rights based on a pretrial diversion agreement).

Here, the Court specifically finds that the ends of justice served by extending this period to allow Bruce an opportunity participate in plea negotiations outweigh the best interest of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).

The premises considered, it is hereby

**ORDERED** that the Defendant Somalie Bruce's Motion to Continue, ECF No. 157, is **GRANTED**; it is further

**ORDERED** that the time beginning from the date of this order granting an extension for trial through March 20, 2023, **SHALL** be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later than March 10, 2023, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; and (e) proposed non-standard jury instructions related to the elements of the charges and defenses; it is further

**ORDERED** that the parties **SHALL** provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than March 15, 2023;[1] and it is further

**ORDERED** that the deadlines for substantive motions have **EXPIRED**[2]; it is further

**ORDERED** the April 11, 2022 deadline for motions in limine has **EXPIRED**. No further briefing on motions in limine **SHALL** be permitted unless authorized by the Court; it is further

**ORDERED** that the Jury Selection and Trial in this matter **SHALL** commence promptly at 9:00 a.m. on March 20, 2023, in St. Thomas Courtroom 1.

**Dated:** February 1, 2023      /s/ *Robert A. Molloy*
                                 **ROBERT A. MOLLOY**
                                 **Chief Judge**

---

[1] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government Exhibit 1. Defense's exhibits shall be labelled sequentially beginning with Defense Exhibit A.

[2] The deadline for substantive motions as to Williams expired on June 7, 2021. (ECF No. 57) The deadline for substantive motions as to Bruce expired on March 12, 2022. (ECF No. 107.)